**FILED**
CLERK, U.S. DISTRICT COURT
3/16/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_VAM\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL WILLIAMS,<br><br>　　　　Defendant. | CR 2:22-cr-00092-FLA<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii): Attempted Distribution of Methamphetamine; 18 U.S.C. §§ 201(b)(2)(A), (C): Bribery of a Public Official; 21 U.S.C. § 853, 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii)]

On or about January 10, 2020, in Los Angeles County, within the Central District of California, defendant MICHAEL WILLIAMS knowingly and intentionally attempted to distribute at least 500 grams, that is approximately 4.1 kilograms, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii)]

On or about August 4, 2020, in Los Angeles County, within the Central District of California, defendant MICHAEL WILLIAMS knowingly and intentionally attempted to distribute at least 500 grams, that is approximately 2.72 kilograms, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[18 U.S.C. §§ 201(b)(2)(A), (C)]

On or about January 10, 2020, in Los Angeles County, within the Central District of California, defendant MICHAEL WILLIAMS, a public official, namely, a United States Department of Homeland Security Transportation Security Officer responsible for identifying contraband and preventing contraband from being transported onto aircraft, directly and indirectly, corruptly demanded, sought, received, accepted, and agreed to receive and accept something of value personally, namely, cash, in return for: (i) being influenced in the performance of official acts; and (ii) being induced to act and omit doing an act in violation of his official duties.

Specifically, defendant WILLIAMS corruptly demanded and received approximately $4,000 in cash, in exchange for defendant WILLIAMS to smuggle what he believed was methamphetamine into the secure area of the Los Angeles International Airport. Such conduct violated defendant WILLIAMS's duties and responsibilities as a Transportation Security Officer, including the duty to prevent controlled substances and dangerous items from passing security screening checkpoints at the airport.

COUNT FOUR

[18 U.S.C. §§ 201(b)(2)(A), (C)]

On or about August 4, 2020, in Los Angeles County, within the Central District of California, defendant MICHAEL WILLIAMS, a public official, namely, a United States Department of Homeland Security Transportation Security Officer responsible for identifying contraband and preventing contraband from being transported onto aircraft, directly and indirectly, corruptly demanded, sought, received, accepted, and agreed to receive and accept something of value personally, namely, cash, in return for: (i) being influenced in the performance of official acts; and (ii) being induced to act and omit doing an act in violation of his official duties.

Specifically, defendant WILLIAMS corruptly demanded and received approximately $4,000 in cash, in exchange for defendant WILLIAMS to smuggle what he believed was methamphetamine into the secure area of the Los Angeles International Airport.  Such conduct violated defendant WILLIAMS's duties and responsibilities as a Transportation Security Officer, including the duty to prevent controlled substances and dangerous items from passing security screening checkpoints at the airport.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts One or Two of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

    (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

    (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts Three or Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                          A TRUE BILL

                                              /S/
                                        Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOANNA M. CURTIS
Assistant United States Attorney
Chief, Violent and Organized
Crime Section

JEFFREY M. CHEMERINSKY
Assistant United States Attorney
Deputy Chief, Violent and
Organized Crime Section

JEREMIAH LEVINE
Assistant United States Attorney
Violent and Organized Crime
Section