TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFFREY M. CHEMERINSKY (Cal. Bar No. 270756)
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorneys
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2400
    Facsimile: (213) 894-0141
    E-mail:   Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:22-CR-00092-FLA |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MICHAEL WILLIAMS |
| v. | |
| MICHAEL WILLIAMS, | |
| Defendant. | |

1.    This constitutes the plea agreement between MICHAEL WILLIAMS ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

    a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the Indictment in United States v. Michael Williams, 2:22-CR-00092-FLA,

1  which charges defendant with Attempted Distribution of
2  Methamphetamine, in violation of 21 U.S.C. §§ 846,
3  841(a)(1),(b)(1)(A)(viii).
4         b.   Not contest facts agreed to in this agreement.
5         c.   Abide by all agreements regarding sentencing contained
6  in this agreement.
7         d.   Appear for all court appearances, surrender as ordered
8  for service of sentence, obey all conditions of any bond, and obey
9  any other ongoing court order in this matter.
10        e.   Not commit any crime; however, offenses that would be
11 excluded for sentencing purposes under United States Sentencing
12 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
13 within the scope of this agreement.
14        f.   Be truthful at all times with the United States
15 Probation and Pretrial Services Office and the Court.
16        g.   Pay the applicable special assessment at or before the
17 time of sentencing unless defendant has demonstrated a lack of
18 ability to pay such assessments.
19                     THE USAO'S OBLIGATIONS
20    3.   The USAO agrees to:
21        a.   Not contest facts agreed to in this agreement.
22        b.   Abide by all agreements regarding sentencing contained
23 in this agreement.
24        c.   At the time of sentencing, move to dismiss the
25 remaining counts of the indictment as against defendant.  Defendant
26 agrees, however, that at the time of sentencing the Court may
27 consider any dismissed charges in determining the applicable
28

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, Attempted Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1),(b)(1)(A)(viii), the following must be true:

a. First, defendant intended to distribute methamphetamine to another person;

b. Second, defendant believed that he possessed methamphetamine or some other federally controlled substance; and

c. Third, defendant did something that was a substantial step toward committing distribution of methamphetamine.

5. Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant attempted to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. Defendant admits that defendant, in fact, attempted to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine.

## PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846, 841(a)(1),(b)(1)(A)(viii) is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 846, 841(a)(1),(b)(1)(A)(viii) is: ten years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

8. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty

regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

12. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At all times described in this factual basis, defendant was a Transportation Security Officer ("TSO") employed by the Department of Homeland Security and deployed to safeguard Los Angeles International Airport ("LAX"). On January 10, 2020, defendant met with an individual he believed was a drug trafficker, but who was in fact cooperating with law enforcement agents ("CD-1"). CD-1 gave defendant a bag containing 4.1 kilograms of fake methamphetamine, that is a non-narcotic substance that merely imitated the physical characteristics of methamphetamine, that defendant believed was real methamphetamine. Defendant promised to smuggle what he believed was methamphetamine past security screening at LAX by using his TSO credentials in exchange for $4,000.

Defendant traveled to LAX, which is within the Central District of California, with the fake methamphetamine. When defendant reached the security checkpoint at the entry to the secure area of the airport, defendant showed his TSO identification card so that he

could enter the secure area without being searched.  That allowed defendant to enter the secure area of the airport carrying the fake methamphetamine.  Defendant then walked to a bathroom stall.  He passed the fake methamphetamine, hidden in a grey pillowcase, under the wall of the stall to an individual who defendant believed was a drug trafficker, but who was in fact an undercover FBI agent.  Defendant received from the FBI agent $4,000 in a Lays potato chip bag.

On August 4, 2020, defendant again met CD-1.  CD-1 gave defendant a bag containing 2.72 kilograms of fake methamphetamine that defendant believed was real methamphetamine.  Defendant again promised to smuggle what he believed was real methamphetamine past security screening at LAX by using his TSO credentials in exchange for $4,000.

Defendant then traveled to LAX with the fake methamphetamine.  When defendant reached the security checkpoint at the entry to the secure area of the airport, defendant showed his TSO identification card so that he could enter the secure area of the airport without being searched.  That allowed defendant to enter the secure area of the airport carrying the fake methamphetamine.  Defendant then walked to a bathroom stall.  He passed the fake methamphetamine under the wall of the stall in a brown Chipotle bag to an individual who defendant believed was a drug trafficker, but was in fact an undercover FBI agent.  Defendant again received from the FBI agent $4,000 in a Lays potato chip bag.

## SENTENCING FACTORS

13.  Defendant understands that in determining defendant's sentence, the Court is required to calculate the applicable

7

Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

14.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:              34     [U.S.S.G. § 2D1.1(c)(3)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

15.  Defendant and the USAO agree that:

a.  Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged in count one;

b.  The offense charged in count one did not result in death or serious bodily injury to any person; and

c.  Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in count one and was not engaged in a continuing criminal enterprise.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

19. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than the high-end of the Guidelines range corresponding to offense level 34, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the conditions of probation or supervised release imposed by the Court.

21. The USAO agrees that, provided all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

Case 2:22-cr-00092-FLA     Document 29     Filed 05/09/22     Page 11 of 19     Page ID #:148

### RESULT OF WITHDRAWAL OF GUILTY PLEA

22.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

24.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

25.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

11

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action

against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

27. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

13

paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

30. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

*Jeremiah Levine*                                  May 9, 2022
JEREMIAH LEVINE                                    Date
Assistant United States Attorney

_____                   _____
MICHAEL WILLIAMS                                   Date
Defendant

_____                   _____
CHAD PENNINGTON                                    Date
Attorney for Defendant MICHAEL
WILLIAMS

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____     _____
JEREMIAH LEVINE                      Date
Assistant United States Attorney

_____     _____
MICHAEL WILLIAMS                     Date
Defendant

*Chad Pennington*                    5-6-22
_____     _____
CHAD PENNINGTON                      Date
Attorney for Defendant MICHAEL
WILLIAMS

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

15

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____     Date
JEREMIAH LEVINE
Assistant United States Attorney

*[signature: mw]*                  Date 5/5/2022
_____
MICHAEL WILLIAMS
Defendant

_____     Date
CHAD PENNINGTON
Attorney for Defendant MICHAEL
WILLIAMS

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

15

of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason. *[signed] MW*  5/5/2022

MICHAEL WILLIAMS
Defendant

# CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MICHAEL WILLIAMS's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____                _____5-6-22_____
CHAD PENNINGTON                                            Date
Attorney for Defendant MICHAEL
WILLIAMS